UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIONICE MOSS, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-08180 |
| | ) |
| v. | ) |
| | ) |
| MENASHA PACKAGING COMPANY, LLC | ) |
| | ) Jury Trial Demanded |
| | ) |
| And | ) |
| | ) |
| ELITE LABOR SERVICES, LTD d/b/a ELITE STAFFING, | |
| | |
| Defendants. | |

## COMPLAINT

Plaintiff, Dionice Moss ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Menasha Packaging Company, LLC and Troy Design and Elite Labor Services, LTD d/b/a Elite Staffing (collectively referred to as "Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants sex-based and race-based discrimination, sex-based and race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A" and "B").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "C" and "D").

7. This Complaint has been filed within ninety (90) days of her receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Dionice Moss, resides in Cook County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Menasha Packaging Company, LLC is a limited liability company doing business in and for Cook County, Illinois, whose address is 11601 S Central Avenue, Alsip, Illinois 60803-3420.

10. At all times material to the allegations in this Complaint, Defendant, Elite Labor Services, LTD d/b/a Elite Staffing, Inc. is a corporation doing business in and for Cook County, Illinois, whose address is 7415 West Archer Avenue Ste 1, Summit, Illinois 60501-1219.

11. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendants' have had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry

affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

13. At all relevant times, Defendants, have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## BACKGROUND FACTS

14. Plaintiff worked for Defendants as general labor/packing from April 29, 2024 through May 23, 2024.

15. Plaintiff was hired at Menahsa Packing Company, LLC ("MPC") through the staffing agency Elite Labor Services, LTD d/b/a Elite Staffing, Inc. ("Elite").

16. Since May 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of race and sex/gender orientation, violating Title VII and Section 1981.

17. Plaintiff is transgender African American and is a member of a protected class because of their race and gender orientation, whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

18. In or about May 2024, Plaintiff was subjected to discriminatory comments by her supervisor at MPC, Marco (LNU), who is a Hispanic male.

19. Marco made derogatory remarks about Plaintiff's race and gender identity, explicitly stating, "Look at her double standard, being transgender and black."

20. Plaintiff verbally reported these comments to Human Resources on May 16, 2024.

21. However, Defendant failed to take any remedial actions addressing Plaintiff's concerns.

22. Additionally, Jesus (LNU), the Elite Staffing On-Site Recruiter, who is also male

and Hispanic, agreed with Marco's comments and laughed about the discriminatory comments.

23. On May 16, 2024, Plaintiff was sent home early due to an alleged excess of employees on the production line.

24. Plaintiff was the only one selected to go home.

25. Plaintiff was sent home on at least two occasions, including the May 16, 2024, incident.

26. Plaintiff filed a written complaint with Elite Staffing regarding being sent home and verbally complained about the discriminatory comments related to Plaintiff's race and gender identity during a phone call.

27. On May 20, 2024, Plaintiff contacted HR directly to express her concerns about the lack of response to Plaintiff's initial complaint.

28. Plaintiff again received no reply resulting in Defendants' failure to take any remedial action to the harassment and/or discrimination Plaintiff was being subjected to.

29. On May 23, 2024, Plaintiff was terminated from her position, allegedly due to performance issues.

30. However, Plaintiff was never coached about her performance, nor was she given any write-ups or disciplinary actions.

31. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

32. Plaintiff was unlawfully terminated because of her race, (African-American) and sex and/or sexual orientation on May 23, 2024.

33. Plaintiff was targeted for termination because of their race, sex/sexual orientation,

4

and for engaging in protected activity.

34. Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

35. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

36. There is a basis for employer liability for the harassment that Plaintiff was subjected to.

37. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints with both Defendants.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

40. Defendants' conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

41. Plaintiff was subjected to and harmed by Defendants' systemic and individual discrimination.

42. Defendants' unlawful conduct resulted in considerable harm and adverse

employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

43. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

44. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. Plaintiff met or exceeded performance expectations.

47. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48. Defendants terminated Plaintiff's employment on the basis of Plaintiff's race.

49. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

50. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III

**Violation of Title VII of The Civil Rights Act of 1964**
**(Race-Based Harassment)**

52. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. Defendants knew or should have known of the harassment.

55. The race-based harassment was severe or pervasive.

56. The race-based harassment was offensive subjectively and objectively.

57. The race-based harassment was unwelcomed.

58. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African-American.

59. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act**
**(Sex-Based Harassment)**

61. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

62. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sex/gender orientation-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

63. Defendants knew or should have known of the harassment.

64. The harassment was severe or pervasive.

65. The harassment was offensive subjectively and objectively.

66. The harassment was unwelcomed.

67. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's gender orientation.

68. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

70. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

71. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex/gender orientation, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

72. Plaintiff met or exceeded performance expectations.

73. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

74. Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex/gender orientation.

75. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's

sex.

76. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

77. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

78. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

79. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

80. During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendants about conduct that constituted race and sex-based discrimination or race and sex-based harassment.

81. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

82. In response to Plaintiff's complaint, both Defendants failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of discrimination or harassment.

83. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

84. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

85. By virtue of the foregoing, Defendants retaliated against Plaintiff based on

Plaintiff's reporting the race and sex-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

86. Defendants' retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

87. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Compensatory and punitive damages;

    e. Reasonable attorneys' fees and costs;

    f. Award pre-judgment interest if applicable; and

    g. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 9th day of September, 2024.

                                                                                                           */s/ Travis P. Lampert*

**TRAVIS P. LAMPERT, ESQ**.
Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*

11